IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TAMMY SCOTT                                                                                         PLAINTIFF

v.                              CASE NO. 5:10CV00184-SWW-JTK

UNITED STATES DEPARTMENT
OF THE ARMY                                                                                        DEFENDANT

# **ORDER**

This matter is before the Court on plaintiff's second motion for appointment of counsel (DE #11). Three factors are generally considered relevant in evaluating a motion for appointment of counsel: (1) the plaintiff's *in forma pauperis* status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a *prima facie* claim of discrimination in the pleadings. *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004-05 (8th Cir. 1984); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). The Court then attempts to evaluate the plaintiff's capacity to present the case adequately without aid of counsel. *See In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986).

By separate orders dated June 28, 2010, the Court granted plaintiff permission to proceed *in forma pauperis* and denied the initial motion for appointment of counsel (DE ## 6, 7) . The Court advised plaintiff that it would reconsider the motion for appointment of counsel, provided she refiled the motion and accompany with it a report of her efforts to obtain representation in this matter with at least three (3) different attorneys and a statement

of reasons why the attorneys consulted would not represent her. Plaintiff has since done that and refiled her motion.

There is no automatic right to appointment of counsel in a Title VII case. *See Slaughter v. City of Maplewood*, *supra*. It is this Court's practice to require that at least three of the attorneys the Plaintiff consults about her case refuse to help or require payment prior to work on the case, and when an attorney refuses the case for reasons other than financial considerations, the plaintiff must continue to seek counsel. Of the attorneys that plaintiff consulted here, only one refused the case due to financial considerations. The other two attorneys declined to take the case due to their caseloads.

So that a determination can be made, the Court hereby grants Plaintiff thirty (30) days from the date of this Order to file a supplemental statement. Plaintiff is directed to contact at least two (2) more attorneys who refuse the case for financial reasons. If non-financial reasons are provided by those attorneys, plaintiff should continue to seek counsel. The supplemental statement may be either (1) the attorney's non-engagement letter to the plaintiff or (2) a statement that details the names of the attorneys with whom plaintiff spoke, the dates on which the attorneys were contacted, and what the attorneys said.

If Plaintiff has additional facts to support her claim, that were not included in the complaint, she may include these in her statement. If Plaintiff has witnesses she would expect to testify for her, she should give their names and state what she thinks they would say.

SO ORDERED this 8th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE