IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| TAMMY SCOTT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 5:10CV00184 SWW |
| | * | |
| JOHN MCHUGH, Secretary of the Army and | * | |
| THE UNITED STATES DEPARTMENT OF | * | |
| THE ARMY, | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion to dismiss filed by John McHugh, the Secretary of the Army. Plaintiff responded to the motion and Secretary McHugh filed a reply. For the reasons stated below, the motion is granted.

**Background**

Plaintiff Tammy Scott ("Scott") is a black female who is employed by the Department of the Army ("Army") at the Pine Bluff Arsenal ("Arsenal"). She started working at the Arsenal in 2005 as a security officer in the patrol division. Scott was transferred in July of 2007 to the training division as a training officer. In June of 2008, Scott became a security assistant/OA, assigned to the training division, where she remains a term employee. Scott received good performance evaluations from 2007-2009.

Scott alleges she applied for a human resources position at the Arsenal in February 2009. When she learned that she was not selected, Scott filed a formal complaint of discrimination with the Equal Employment Opportunity ("EEO") office in April 2009. That claim ("First EEO Claim") is still pending and is not a part of her complaint before this Court.

In March of 2009, Scott applied for a financial management specialist position at the Arsenal through an external website, USA Jobs. She says she was told she was among the best qualified candidates based on a computer-driven assessment. Scott also applied for the same job internally and after initially being told she was qualified, later she was told she was not qualified because she was a term employee. The selecting official for the financial analyst position was a black female who selected a white female for the position.[1] On May 26, 2009, Scott filed a claim of discrimination with the EEO office ("Second EEO Claim") and, after exhausting her administrative remedies, filed a *pro se* complaint in this Court on November 9, 2010.

In June of 2009, Scott filed her Third EEO Claim, alleging sex and race discrimination on behalf of herself and other members of a class. The class was not certified and Scott pursued her claim individually. The Army dismissed her complaint on April 8, 2010.

On April 27, 2010, Scott amended her Second EEO Claim to include her non-selection for a financial management specialist position that she applied for in 2010. However, Scott did not raise this claim in her *pro se* complaint or in her amended complaint before this Court. The Army issued a Final Agency Decision on Scott's Second EEO Claim on July 12, 2010.

Scott names the Army and the Secretary of the Army, John McHugh, in his official capacity, as defendants. She alleges generally that Secretary McHugh failed to promote her or give her a raise while he promoted, gave raises to, and appointed to career status males and white women. Scott

---

[1] Def's Mem. of Law in Supp. of Mot. to Dismiss, Ex. 2 at 21-22, 24-25, 28. It is appropriate to consider exhibits attached to a motion to dismiss without having to convert the motion into a motion for summary judgment where the exhibit does not contradict the allegations in the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(court may consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint). The exhibits attached to defendants' motion to dismiss do not contradict the complaint, and plaintiff raises no objection to their submission. Plaintiff also attached exhibits to her pleadings in response to the motion to dismiss.

alleges she applied for numerous "Career" positions within the Arsenal but was rejected in favor of less-qualified male and white female co-workers. Am. Comp. at ¶ 8.

Scott alleges Secretary McHugh violated Title VII by discriminating against her on the basis of race and sex when the Army denied her the financial management specialist position she applied for in 2009. She also claims the Army retaliated against her for previous EEO activity in denying her the financial management specialist position.[2] Scott alleges the Army violated the Equal Pay Act ("EPA") by giving raises and promotions to male co-workers hired at the same time as she even though they performed the same duties.

Secretary McHugh moves for dismissal of Scott's EPA claim pursuant to Fed.R.Civ.P 12(b)(1), lack of subject matter jurisdiction, and Fed.R.Civ.P. 12(b)(6), failure to state a claim. He moves for dismissal of Scott's Title VII discrimination and retaliation claims for failure to state a claim.

## Standard of Review

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Therefore, in deciding a Rule 12(b)(1) motion, the Court must distinguish between a "facial attack" and a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Where a defendant makes a "facial attack" to jurisdiction, the Court limits its review to the face of the pleadings, similar to the review conducted under Rule 12(b)(6). Where a defendant makes a "factual attack" to

---

[2]To the extent Scott alleges a separate Title VII cause of action against the Department of the Army, in addition to her cause of action against the Secretary of the Army, in his official capacity, the Court dismiss such claim. The department head is the sole proper defendant in a Title VII action against a federal agency. 42 U.S.C.§ 2000e-16(c).

jurisdiction, the Court may consider matters outside the pleadings without converting the motion to dismiss into one for summary judgment. *Id.* at 729; Fed. R. Civ. P. 56. In a factual attack the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . [N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff bears the burden of proving that jurisdiction does in fact exist. *Id.*

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .
>
> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id*. at 1949-50.

**Discussion**

**Equal Pay Act Claim**

Secretary McHugh argues the Court should dismiss Scott's EPA claim for lack of subject matter jurisdiction.  He asserts Scott fails to carry her burden to show the Court has jurisdiction over her claim by either explicitly limiting her claim to $10,000.00 or alleging sufficient facts in her Amended Complaint from which the Court can conclude that her claim is limited to $10,000.00.

The EPA prohibits employers from differentiating on the basis of sex by paying employees of one sex lower wages than employees of the other sex for performing a job requiring equal skill, effort, and responsibility, under similar working conditions. 29 U.S.C. § 206(d). Claims brought pursuant to the EPA must satisfy the jurisdictional requirements of the Tucker Act, 28 U.S.C. § 1491, or the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The Tucker Act provides that the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress ... not sounding in tort." 28 U.S.C. § 1491(a)(1). The Little Tucker Act provides that district courts have concurrent jurisdiction over non-tort civil actions against the United States, "not exceeding $ 10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department...." 28 U.S.C. § 1346(a)(2). *See V S Ltd Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Scott's Amended Complaint contains no sum certain for damages for the EPA claim nor does it make any factual allegations from which the Court could make a reasonable calculation as to her damages for subject matter jurisdiction purposes.  In  response to the motion to dismiss her *pro se* complaint, Scott stated she "believed that the EPA claim would not exceed $10,000.00." *See* docket

entry 34 at 5.  This statement, which is not included in the Amended Complaint,[3] is not an unequivocal limitation of her damages to $10,000.00 which would allow the Court to conclude it has subject matter jurisdiction.  The Court, therefore, finds Scott's EPA claim should be dismissed for lack of subject matter jurisdiction.  *See Leveris v. England*, 249 F.Supp.2d 1, 4 (D.Me. 2003)(dismissing EPA claim for lack of subject matter jurisdiction where plaintiff made no allegation claim is $10,000 or less).

Secretary McHugh also argues that even if Scott had properly pled facts to support subject matter jurisdiction, she fails to state a claim upon which relief can be granted under the *Iqbal* pleading standards because she does not allege sufficient facts to establish a *prima facie* EPA violation or to show pretext.  "In order to establish a prima-facie case under the EPA, an employee must prove an employer paid different wages to men and women performing equal work."  *Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1072 (8th Cir. 2009).  If the plaintiff establishes a *prima facie* EPA case, the burden shifts to the employer to prove that the disparities are based on  (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality; or (4) a factor other than sex. 29 U.S.C. § 206(d)(1); *Hutchins v. International Brotherhood of Teamsters*, 177 F.3d 1076, 1081 (8th Cir. 1999).

The only factual allegation Scott makes in her Amended Complaint which relates to her EPA claim is the following: "Ms. Scott's male co-workers hired at the same time as her or after have been given raises and promotions, even though she and they perform the same duties."  Am. Comp. at ¶ 39.  She makes no allegation as to any reasons for the alleged disparities in pay and promotion, e.g. based on quality of work or a merit system, or why any such reasons may be false or pretextual.

---

[3]Scott now is represented by appointed counsel.  *See* docket entry 21.

Although a pleading need not include "detailed factual allegations," it must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct at 1949. Conclusory allegations or allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Id.* at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient . *Id.* at 1949 (citations and internal quotation marks omitted). The Court finds in light of *Iqbal* and *Twombly* that Scott's allegations fail to state a claim for relief under the EPA.

**Gender Discrimination Claim**

Scott alleges the Army discriminated against her on the basis of gender when she was not selected for a financial management specialist position in 2009. Secretary McHugh moves for dismissal pursuant to Rule 12(b)(6), arguing Scott fails to allege sufficient facts to establish a *prima facie* case of gender discrimination.

As stated previously, a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 S.Ct at 1949. In evaluating whether Scott has set forth sufficient facts to make a plausible case of gender discrimination, the Court applies the *McDonnell Douglas* burden-shifting analysis to Scott's claims because she does not set forth any allegations of direct evidence of discrimination. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

To establish a *prima facie* case of gender discrimination, a plaintiff must show that (1) she is in a protected class; (2) she was qualified for an open position; (3) she was denied that position; and (4) the defendant filled the position with a person not in the same protected class. *Dixon v. Pulaski County Special Sch. Dist.*, 578 F.3d 862, 867-68 (8th Cir. 2009). Scott cannot establish a

*prima facie* case of gender discrimination because she fails to allege the position was filled by a person outside her protected class. She alleges, in fact, that the position was filled with another female.[4] In addition, the selecting official is the same gender as Scott, making her claim of gender discrimination implausible.[5] *See Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991)(difficult for a plaintiff to prove discrimination when decision-makers falls within plaintiff's protected class).

**Retaliation Claim**

Scott asserts that she was not selected for the financial management specialist position in 2009 in retaliation for having engaged in previous protected activity. To establish a claim of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) a reasonable employee would have found her employer's retaliatory action materially adverse; and (3) the materially adverse action was causally linked to her protected activity. *Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007). Scott contends in her response to the motion to dismiss that her First EEO complaint predated defendants' decision to select another person for the financial management specialist position.

According to her Amended Complaint, Scott applied for the human resources position at the Arsenal in February 2009. Am. Comp. at ¶ 11. On March 1, 2009, she learned she had been rejected for the position, *see* Def's. Mem. of Law in Supp. Mot. to Dismiss, Ex. 1 at 4, and on April 13, 2009,

---

[4]See Am. Compl. at ¶ 17 ("As with other positions that Ms. Scott has applied for, Defendant's agents picked a Caucasian female over Ms. Scott).Scott argues that a white male was selected for a financial management position in 2010. Pl's. Resp. at 4. This fact is irrelevant because Scott never applied for this position or filed an EEO complaint about it. *See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss, Exs. 1, 4, 6, 8, and 10.

[5]Def's. Mem. of Law in Supp. of Mot. to Dismiss, Ex. 2, Transcript of Fact-Finding Conference of June 10, 2010, at 21-22, 28.

she initiated an informal EEO complaint over her non-selection.  *Id.* at 2, Entry 12c.  However, Scott learned of her non-selection to the financial management specialist  position on March 24, 2009, 20 days before she made initial contact with an EEO official regarding the human resources position. The Court finds Scott's retaliation claim should be dismissed.

### Race and Color Discrimination Claims

Scott also alleges she was discriminated against on the basis of race and color when she was not selected for the 2009 financial management specialist position.  Secretary McHugh contends that even assuming  Scott  alleges the elements of a *prima facie* case of discrimination, she makes no allegation that the Army's proffered reason was pretextual.  Scott says she was told she was not selected because "she was not among the best qualified on [defendants'] internal list of applicants." Am. Comp. at ¶24.  Scott also alleges that she later was told she did not qualify for the internal list "because she was only a Term employee.  Ms. Jane Green, an agent of the Army, stated during the EEO investigation that only Career employees were eligible for the internal list."  *Id.* at ¶ 13.

Secretary McHugh argues Scott asserts no facts which would show that the proffered explanation was a pretext for discrimination; she merely argues in her response that she was among the best qualified on the external list generated by USA Jobs.  Pl's. Br. in Resp. to Mot. to Dismiss at 2.  Further, the Secretary argues that the selecting official, Gladys Maire Dickinson, is the same race as Scott, a fact that renders Scott's claim more implausible.

Because Scott's Amended Complaint contains no facts which allow the Court to draw the reasonable inference that the Army is liable for race and color discrimination in this instance, the motion to dismiss should be granted.

**2010 Non-Selection**

In her response to Secretary McHugh's motion to dismiss, Scott refers to her EEO complaint regarding her 2010 non-selection for a financial management specialist position. She did not assert a claim of discrimination as to the 2010 decision in her original or Amended Complaint. To the extent that she is asserting such a claim now, the Court finds it is untimely.

An employment discrimination complaint against the federal government under Title VII, 42 U.S.C. § 2000e-1 *et seq.*, must be filed "within 90 days of receipt of notice of final action taken by a department . . . " 42 U.S.C. § 2000e-16(c). "The failure to file suit within 90 days of receiving notice of final agency action renders a plaintiff's ADEA [and Title VII] action untimely." *Hallgren v. United States Dep't of Energy*, 331 F.3d 588, 589 (8th Cir. 2003).

In her *pro se* federal complaint filed on June 22, 2010, Scott did not mention her 2010 non-selection claim. Subsequently, on July 12, 2010, the Army issued a Final Agency Decision on her 2010 non-selection complaint.[6] Scott filed an Amended Complaint on October 18, 2010, but did not assert a cause of action for 2010 non-selection. The Court agrees with the Secretary that if Scott is attempting to assert the 2010 non-selection claim by way of her response to the motion to dismiss, her claim is untimely because it was not filed within 90 days of the date of receiving the final action.[7]

---

[6]Def's. Mem. of Law in Supp. Mot. to Dismiss, Ex. 9.

[7]There is a presumption that a claimant received a right-to-sue notice 3 days after its mailing. *Battle v. Fed Ex*, 156 Fed.Appx. 877, 878 (8th Cir. 2005).
Scott also asserts in her response to the motion to dismiss that she has "recently uncovered evidence that Defendant's agents possibly lied during the investigation begun by the EEO" regarding her 2010 non-selection claim. Specifically, Scott filed as an exhibit an e-mail dated June 7, 2010, from Kristy Burnett, a Human Resources Technician at the Arsenal, announcing a new hire named Melissa Ande[r]son, as a financial management specialist. Scott then points out that two agency witnesses at the Fact-Finding Conference testified that no one had been selected for the financial management specialist that Scott had applied for in 2010. In his reply, the Secretary submits that the position for which Anderson was hired was not the same position for which Scott applied nor did Scott file an EEO complaint about not being selected for it. Because

**Conclusion**

IT IS THEREFORE ORDERED that defendants' motion to dismiss [docket entry 39] is hereby granted.  Judgment will be entered accordingly.

DATED this 15th day of April, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

any claim regarding the 2010 selection is untimely, this allegation by Scott is irrelevant.